UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR NARCOTICS TRAFFICKING | ML No: 1:19-ml-406 |

*Reference:*   DOJ Ref. # CRM-182-64280

### APPLICATION OF THE UNITED STATES FOR AN ORDER FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Aaron P. Gershbock, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Romania.  In support of this application, the United States asserts:

### RELEVANT FACTS

1.   The Central Authority of Romania, the Ministry of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty Between the Government of the United States of America and the Government of Romania on Mutual Legal Assistance in Criminal Matters, Rom.-U.S., May 26, 1999, S. TREATY DOC. NO. 106-20, as amended by the Protocol to the Treaty between the United States of America and Romania on Mutual Legal Assistance in Criminal Matters signed in Washington on 26 May 1999, Rom.-U.S., September

10, 2007, S. TREATY DOC. NO. 110-11 (the Treaty). As stated in the Request, the Prosecutor's Office attached to the High Court of Cassation and Justice, Directorate for Investigating Organized Crime and Terrorism, Territorial Service Craiova in Romania is investigating Gabriel Sain (Sain) for domestic trafficking of high risk drugs, international trafficking of high risk drugs, domestic trafficking of risk drugs, and international trafficking of risk drugs, which occurred between on or about August 1, 2013, and July 26, 2017, in violation of the criminal law of Romania, specifically, Articles 2 and 3 of Law no. 142/2000. Under the Treaty, the United States is obligated to assist in response to the Request.

2. According to Romanian authorities, Gabriel Sain (Sain) was previously convicted in the United States for computer fraud after sending fraudulent emails to clients of a certain bank with the goal of stealing credit card information from said clients. Sain was likely released from a U.S.-prison on or about August 1, 2013.[1]

3. Since Sain's release, Romanian authorities have learned that Sain has become involved in trafficking high risk and risk drugs in Romania, including cocaine (high risk), amphetamine (high risk), and cannabis (risk). As part of their investigation, Romanian authorities conducted a search of Sain's residence on July 26, 2017, and found computer storage devices. The devices, in turn, were searched on October 13, 2017. They contained encryption data and logs of certain activities taken in support of drug trafficking. The data also included bank cards that Romanian authorities believe were used as part of Sain's criminal enterprise: one Mastercard, card number ending 5963, issued by Citibank; three Visa cards, accounts ending 3386, 8075, 7585, issued by El Paso Employees Financial Credit Union; and three more Visa

---

[1] On February 15, 2013, Sain was found guilty of Conspiracy to Commit Bank Fraud and sentenced by a Federal Judge in the District of Connecticut to be imprisoned for a total of 12 months, 1 day, with credit for time served from July 31, 2012.

cards, accounts ending 4825, 9429, and 7057, issued by California Bank and Trust, Bank of America, and Bank of Hawaii, respectively. None of these cards appear to be issued to Sain.

4. To further the investigation, Romanian authorities have asked U.S. authorities to provide bank and business records (e.g., fraud reports) pertaining to the accounts referenced above at the respective banks. This includes records from card brands Visa and Mastercard.

## LEGAL BACKGROUND

5. A treaty[2] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6. The United States and Romania entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Treaty, Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty, Article 5(1) ("The competent judicial

---

[2] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

authorities . . . of the Requested State shall have power to issue subpoenas, search warrants or other orders necessary to execute the request.").

7. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

>     \*              \*              \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

>     \*              \*              \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[3] This section provides clear authority for the federal courts, upon application duly

---

[3] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

9.  An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[4] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[5]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[6] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[4] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[5] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[6] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Romania, and seeks assistance in the investigation of for domestic trafficking of high risk drugs, international trafficking of high risk drugs, domestic trafficking of risk drugs, and international trafficking of risk drugs – criminal offenses in Romania.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank and business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

12. This application is being made *ex parte,* consistent with U.S. practice in its domestic criminal matters.

13. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

14. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Aaron P. Gershbock, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's

subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: *Aaron Gershbock*
        Aaron P. Gershbock
        Trial Attorney
        CA Bar Number 266351
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C. 20530
        (202) 616-5275
        Aaron.Gershbock@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR NARCOTICS TRAFFICKING | ) ) ) ) ) ) |

*Reference:   CRM-182-64280*
***(Please repeat when responding.)***

### COMMISSIONER'S SUBPOENA

TO: _____

I, Commissioner Aaron P. Gershbock, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to _____, command that you provide the following documents regarding (an) alleged violation(s) of the laws of _____; specifically, _____, in violation of Section _____ of the _____ Code.

Provide records to International Affairs Specialist _____by emailing them to _____or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

        International Affairs Specialist _____
        U.S. Department of Justice
        Office of International Affairs
        1301 New York Avenue, N.W., 8th Floor
        Washington, D.C. 20530
        _____

For failure to provide records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                                       _____
                                                            COMMISSIONER
                                                            Aaron P. Gershbock
                                                            Trial Attorney
                                                            CA Bar Number 266351
                                                            Office of International Affairs
                                                            Criminal Division, Department of Justice
                                                            1301 New York Avenue, N.W., Suite 800
                                                            Washington, D.C. 20530
                                                            (202) 616-5275
                                                            Aaron.Gershbock@usdoj.gov